UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONID MARMELSHTEIN, ARLENE
MARMELSHTEIN, and MARC MARMELSHTEIN

      Plaintiffs,

v.                                                                                    Case No. 07-15063
                                                                             Honorable Julian Abele Cook, Jr.
CITY OF SOUTHFIELD, OFFICER SWART, SGT.    Magistrate Judge Mona K. Majzoub
LASK, OFFICER JEFFREY JAGIELSKI, JOHN
DOE (Badge #112), DET. BAUMAN, SGT.
SIMERLY, SGT. MORRIS, DET. LITERACKI,
DET. MOILANEN, and OFFICER MEDICI,

      Defendants.

ORDER

On November 28, 2007, the Plaintiffs, Leonid Marmelshtein ("Leonid"), Arlene Marmelshtein, and Marc Marmelshtein, filed a complaint with this Court in which they have collectively accused the Defendants of violating their civil rights during the execution of a search warrant at their home in Southfield, Michigan.[1] In their complaint, they make four claims for relief, all arising under 42 U.S.C. § 1983; namely, (1) excessive force; (2) false arrest and malicious prosecution; (3) unreasonable execution of a search warrant, an unjustified entry, and an unlawful search and seizure; and (4) a *Monell*

---

[1] The Plaintiffs have cited the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution and laws of the State of Michigan as the bases for their claims against the Defendants.

1

claim as to the City of Southfield.[2]  *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978).  On June 17, 2008, the Defendants (the City of Southfield and the nine police officers and detectives)[3] filed a motion for the entry of a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)[4] in which they urge the Court to dismiss the false arrest and malicious prosecution claim.[5]

I.

On December 13, 2004, the City of Southfield Police Department executed a search warrant at the Plaintiffs' home in Southfield, Michigan. According to the Plaintiffs, none of the Defendants knocked or announced their presence prior to seeking admission into their home.  Rather, it is their contention that these Defendants broke down the front door to their home with a battering ram and, thereafter, discharged two "flash bang" percussion grenades.  The Plaintiffs insist that they neither resisted nor refused to follow the Defendants' directives once it became readily apparent to them that these "home invaders" were police officers and detectives, all of whom were in the process of executing a search warrant.  Finally, the Plaintiffs maintain that the Defendants held loaded guns to their heads and threatened to shoot them.  They also contend that Leonid Marmelshtein was pushed, pulled, punched,

---

[2] It should be noted that the first two claims for relief by the Plaintiffs (namely, (1) excessive force, and (2) false arrest and malicious prosecution) are based on the allegations of harm by Leonid Marmelshtein.

[3] The named Defendants, all of whom are law enforcement officers with the police department in Southfield, Michigan, have been by the Plaintiffs as (1) Officer Swart, (2) Sergeant Lask, (3)Officer Jagielski, (4)"John Doe" (Badge #112), (5) Detective Bauman, (6)Sergeant Simerly, (7) Sergeant Morris, (8) Detective Literacki, (9) Detective Moilanen, and (10) Officer Medici.

[4] Fed. R. Civ. P. 12(c) states the following: "After the pleadings are closed  -  but early enough not to delay trial - a party may move for judgment on the pleadings."

[5] The Plaintiffs filed a timely response to this motion on July 8, 2008 and the Defendants filed a reply to their response on July 17, 2008.

kicked, and repeatedly struck with nightclubs by the Defendants. The Defendants have denied all of these allegations.

Following the execution of the search warrant, Leonid Marmelshtein was arrested and charged with (1) resisting and obstructing a police officer, (2) assault on a police officer, (3) disorderly conduct, and (4) criminal jostling. Leonid Marmelshtein, after being charged with these crimes and bound over for a trial, entered a plea of no contest to the charge of disorderly conduct on August 2, 2005. This no contest plea was reduced from the original charge of resisting and obstructing a police officer, apparently as a part of a plea bargain between the prosecutor and Leonid Marmelshtein's attorney. The other three charges were dismissed with prejudice.

## II.

In support of their motion for a judgment on the pleadings, the Defendants contend that the Plaintiffs' cause of action for false arrest and malicious prosecution should be dismissed because Leonid Marmelshtein's plea of no contest in the state court proceeding established the existence of probable cause. Thus, they submit the Plaintiffs' action under § 1983 cannot be maintained without a substantive modification of the decision by the state court. The Plaintiffs disagree, arguing that a no-contest plea in a state court proceeding does not preclude a § 1983 action because the issue of probable cause was not actually litigated. Hence, in their view, the doctrine of collateral estoppel does not apply.

A motion for a judgment on the pleadings may be made pursuant to Fed. R Civ. P. 12(c). In deciding whether to grant such a motion, a district court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). When taking the opposing party's

factual allegations as being correct, a Rule 12(c) motion is granted "only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citing *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

The purpose of 42 U.S.C. § 1983 is to provide a civil remedy to those individuals who have been deprived of a constitutional right under the color of state law and, in so doing, "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief if such deterrence fails." *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). In order to prevail under this statute, a "claimant must show '(1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.'" *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996) (quoting *Simescu v. Emmet County Dept. of Social Servs.*, 942 F.2d 372, 374 (6th Cir. 1991)). In an effort to determine whether the determination of probable cause by the state court can be challenged in this § 1983 action, a court must look to the state law relating to the doctrine of collateral estoppel. *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001) (citing *Haring v. Prosise*, 462 U.S. 306, 313 (1983)); *see Allen v. McCurry*, 449 U.S. 90 (1980) (in § 1983 actions, federal courts must accord same estoppel effect to state court decision as other courts in that state). The law of issue preclusion in the State of Michigan bars the relitigation of an issue if (1) the parties in both proceedings are the same or in privity, (2) there was a valid, final judgment in the first proceeding, (3) the issue was litigated and actually determined, and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue. *Darrah*, 255 F.3d at 311 (citing *People v. Gates*, 434 Mich. 146, 154-58, 452 N.W.2d 627, 630-31 (1990).

The Sixth Circuit Court of Appeals has repeatedly held that a § 1983 plaintiff, who enters a plea of no contest or nolo contendere to a criminal offense, cannot later challenge the finding of probable cause for that offense by a state court. *See Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988) (plea of no contest in state court to criminal charges precluded subsequent claim of false arrest in federal court because plaintiff had a "full and fair opportunity to litigate" probable cause issue in state court proceeding); *Sandul v. Larion*, No. 94-1233, 1995 WL 216919, at *4 (6th Cir. Apr. 11, 1995) (unpublished opinion) (citing *Walker* and holding that plaintiff's § 1983 claim of false arrest was barred by Michigan's collateral estoppel law where plaintiff had pled no contest in state court); *Shelton v. City of Taylor*, 92 Fed. Appx. 178, 183 (6th Cir. 2004) (citing *Walker* and holding that no contest plea precluded subsequent § 1983 claim under Michigan's law of collateral estoppel).

The Plaintiffs essentially contend that *Walker* is not applicable to no contest pleas in the state courts of Michigan, relying upon *Lichon v. American Universal Ins. Co.*, 435 Mich. 408 (1990). In *Lichon*, the Michigan Supreme Court disagreed with *Walker* and noted that "a nolo contendere plea should not be treated as an admission." *Id.* at 424, n. 13. However, this Court notes that the Sixth Circuit Court of Appeals has declined to place such a limitation upon the effect of *Walker* in Michigan notwithstanding the view of the Michigan Supreme Court in *Lichon. See Neshewat v. Salem*, 173 F.3d 357, 362, n. 4 (6th Cir. 1999) (recognizing *Lichon*'s criticism of *Walker* and noting that "[t]he 1991 amendments to Mich.Rules.Evid. 410[6] and the *Carpenter* [*v. Consumers Power Co.*, 230 Mich. App. 547, 584 N.W.2d 375 (1998)] decision subvert much of the reasoning by the Michigan Supreme Court in

---

[6]The amended version makes no contest pleas inadmissible "except that, to the extent that evidence of a guilty plea would be admissible, evidence of a plea of nolo contendere to a criminal charge may be admitted in a civil proceeding to support a defense against a claim asserted by the person who entered the plea."

5

*Lichon* ).

Significantly, the Sixth Circuit Court of Appeals continues to view *Walker* as good law. *Daubenmire v. City of Columbus*, 507 F.3d 383, 389-90 (6th Cir. 2007) (refusing to overrule *Walker*). Furthermore, the Court notes that in *Home-Owners Ins. Co. v. Bonnville*, No. 266794, 2006 WL 156681 (Mich. App. Jun. 8, 2006) (unpublished opinion), the Michigan Court of Appeals recognized that the holding of *Lichon* was overruled in part by the amendment to Mich.Rules.Evid. 410. *Id*. at *1.

The Plaintiffs also rely upon *Karttunen v. Clark*, No. 06-13388, 2007 WL 2902872 (E.D. Mich. Oct. 2, 2007), which held that the plaintiffs' no contest plea to a resisting arrest charge did not preclude a later § 1983 claim of excessive force. *Id*. at *2-3. However, in *Karttunen* the plaintiff did not use § 1983 to challenge his actual arrest as in the instant case and *Walker*. Rather, he challenged the amount of force that was used by the law enforcement officers in effectuating his arrest. A criminal defendant's acknowledgment that he is subject to arrest is not necessarily an implied admission that the police used reasonable force during the arrest. However, Leonid Marmelshtein, like the plaintiff in *Walker*, admitted to having committed the charge that subjected him to arrest[7] and is now challenging the presence of probable cause that led to his arrest.[8] He cannot now "use his compromise with the judicial system to his advantage." *Shelton*, 92 Fed. Appx. at 183. For these reasons, the Plaintiffs' claims for false arrest and malicious prosecution are precluded by collateral estoppel. *Shelton*, 92 Fed. Appx. at 183; *Walker*, 854 F.2d at 142.

---

[7]The reduced charge of disorderly person, Mich.Comp..Laws. § 750.167, does subject a person to arrest without a warrant when the violation occurs in the presence of a police officer. Mich.Comp..Laws § 764.15(1)(a); *People v. Bishop*, 186 N.W.2d 374, 375 (Mich. App. 1971).

[8]The Court notes that (1) the Plaintiffs have also claimed to have been injured as the result of the Defendants' use of excessive force, and (2) the Defendants have chosen not the challenge their claim in this motion - perhaps due to the holding in *Karttunen*.

In addition, the Plaintiffs' claim for malicious prosecution is precluded "because under the common law a plaintiff may not assert malicious prosecution unless the court proceeding has ended in his favor." *Shelton*, 92 Fed. Appx. at 183 (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). The Sixth Circuit Court of Appeals has held that a no-contest plea and subsequent dismissal are not favorable outcomes for § 1983 plaintiffs. *Id*.

The Plaintiffs proclaim that Leonid Marmelshtein's no contest plea was procured unfairly, and, therefore, it should not prevent him from pursuing a § 1983 claim. They cite *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 n. 6 (6th Cir. 2001), in which the Sixth Circuit Court of Appeals noted that a criminal defendant's plea agreement in a state court should not "serve as conclusive evidence that the proceedings did not terminate in [the criminal defendant]'s favor if the agreement was procured by unfair means." *Id*. (citing *Blase v. Appicelli*, 489 N.W.2d 129, 132 (Mich. App. 1992)). However, although the plaintiff in *Kostrzewa* was seeking relief under § 1983 for excessive force, his malicious prosecution claim was based on state law. Therefore, the *Kostrzewa* language does not apply to the malicious prosecution claim by the Plaintiffs arising out of § 1983. Further, even if the Court had found that Leonid Marmelshtein's plea had been procured unfairly, it would be without jurisdiction due to the *Rooker-Feldman* doctrine which succinctly states that "if appellate court review of [ ] state judgments is vested in the Supreme Court, then it follows that such review may not be had in the lower federal courts." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citing *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)).

III.

For the reasons that have been stated above, the Plaintiffs cannot maintain the false arrest and malicious prosecution claims because the probable causes for the arrest and prosecution of Leonid

7

Marmelshtein were established in the state court when he entered a plea of no contest.  Thus, the Court grants the Defendants' motion for judgment on the pleadings.

    IT IS SO ORDERED.

Dated: March 11, 2009                      s/Julian Abele Cook, Jr.
      Detroit, Michigan             JULIAN ABELE COOK, JR.
                                         United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 11, 2009.

                                                                          s/ Kay Doaks
                                                                         Case Manager