**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LEONID MARMELSHTEIN**
and **ARLENE MARMELSHTEIN,**

       **Plaintiffs,**                    **CIVIL ACTION NO. 07-CV-15063**

  vs.

                                       **DISTRICT JUDGE JULIAN ABELE COOK**

**CITY OF SOUTHFIELD, OFFICER**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SWART, SGT. LASK, OFFICER**
**JEFFREY JAGIELSKI, JOHN**
**DOE (BADGE #112), DET. BAUMAN,**
**SGT. SIMERLY, SGT. MORRIS, DET.**
**LITERACKI, DET. MOILANEN, and**
**OFFICER MEDICI,**

       **Defendants.**
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO OVERRULE DEFENDANTS' OBJECTIONS TO THE *DE BENE ESSE* DEPOSITION OF PLAINTIFF LEONID MARMELSHTEIN (DOCKET NO. 83)

This matter comes before the Court on Plaintiffs' Motion to Overrule Defendants' Objections to the *De Bene Esse* Deposition of Plaintiff Leonid Marmelshtein, or in the Alternative, for Leave to Preserve his Testimony for Trial. (Docket no. 83). The motion is fully briefed. This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 84). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 on November 28, 2007, alleging that Defendants violated their constitutional rights during the execution of a search warrant of their

1

home. On August 11, 2008, with the aid of a Russian interpreter, Defendants completed their discovery deposition of Plaintiff Leonid Marmelshtein. Defendants contend that Plaintiffs' counsel was present at the deposition and questioned Mr. Marmelshtein. On or around February 20, 2009 discovery closed in this matter. (Docket no. 38). On September 30, 2009 the Court denied Defendants' motion for summary judgment. (Docket no. 75). Defendants have filed an appeal of that denial which is currently pending before the Sixth Circuit Court of Appeals. (Docket no. 79).

In the present motion, Plaintiffs' counsel claims that Leonid Marmelshtein's health has significantly deteriorated since the time his discovery deposition was taken. Plaintiff's counsel asserts that Mr. Marmelshtein is 75 years old, weighs less than one hundred pounds, and is becoming increasingly more frail with time. Plaintiffs' counsel argues that the Defendants' appeal will delay the trial in this matter indefinitely, and will increase the likelihood that because of the debilitating nature of Mr. Marmelshtein's health, and the fact that no trial date has yet been set, Mr. Marmelshtein will be unavailable or unable to testify at the time of trial. Consequently, on January 26, 2010 Plaintiffs' counsel notified defense counsel via telephone that he was arranging to take a video *de bene esse* deposition of Leonid Marmelshtein in order to preserve his trial testimony in the event of his unavailability. After the parties agreed on a date and time for the video deposition, Plaintiffs' counsel served on Defendants a Notice of Taking Video Deposition of Plaintiff Leonid Marmelshtein. (Docket no. 83, Ex. 3, 4).

On February 26, 2010, the date scheduled for Mr. Marmelshtein's video deposition, the parties appeared at the office of Plaintiffs' counsel in Detroit, Michigan for Leonid Marmelshtein's *de bene esse* deposition. At the start of the deposition counsel for Defendants placed their objections to the deposition on the record, stating that Plaintiffs' counsel had failed to obtain a stipulation or

seek leave of the Court pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii) to take a second deposition of Mr. Marmelshtein. Defendants also objected on the basis that they were prejudiced by the fact that Plaintiffs had failed to provide Defendants with the report of psychologist Dr. Larry Friedberg, one of Plaintiffs' experts on damages. (Docket no. 83, Ex. 5 at 4). Finally, Defendants claimed that Plaintiffs had an obligation to file a motion to allow for a deposition pending appeal. The parties then proceeded to take the deposition of Mr. Marmelshtein.

On March 16, 2010 Plaintiffs filed the instant Motion to Overrule Defendants' Objections. In the instant motion Plaintiffs move for an order overruling Defendants' objections to the *de bene esse* deposition of Leonid Marmelshtein or, in the alternative, granting Plaintiffs leave pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii) to "have taken Plaintiff Leonid Marmelshtein's February 26, 2010 deposition to preserve his testimony for trial." (Docket no. 83 at 6). Plaintiffs argue that because *de bene esse* depositions are not discovery depositions they are not subject to the limitations of Federal Rule of Civil Procedure 30. Consequently, Plaintiffs assert that they were not required to seek stipulation or leave of the Court before taking Mr. Marmelshtein's trial deposition. They further argue that in the event the deposition is subject to Rule 30, the Defendants stipulated to the taking of the deposition by participating in scheduling discussions, by failing to object to the deposition early on, and by failing to file a motion to quash the deposition.

Courts in this circuit generally recognize the need to treat *de bene esse* depositions differently in certain respects than those of discovery depositions. In *Burket v. Hyman Lippitt, P.C.*, No. 05-72110, 05-72171, 05-72221, 2008 WL 1741875 (E.D. Mich. Apr. 11, 2008), for example, the court found that its scheduling order setting a date by which discovery closed did not bar the plaintiffs from taking a *de bene esse* deposition after discovery had closed.

However, where those differences end, and which if any of the requirements of Fed.R.Civ.P. 30(a)(2) apply to *de bene esse* depositions is not always clear. In *Rayco Mfg., Inc. v. Deutz Corp.*, No. 08 CV 00074, 2010 WL 183866 (N.D. Ohio Jan. 14, 2010), the plaintiff filed a motion for leave to exceed the ten-per-side deposition limit found in Fed.R.Civ.P. 30(a)(2)(A)(i). Although the court concluded that the motion had been filed prematurely, in dictum it opined that trial depositions are not subject to the ten-per-side deposition limits provided under Rule 30(a)(2)(A)(i), and implied that if the purpose of the depositions was to preserve testimony for trial, plaintiff may not need to re-file a motion for leave to exceed the ten-per-side limit in the future. *Id*. at *3. In a different approach, the court in *El Camino Res., Ltd. v. Huntington Nat'l Bank*, No. 07-CV-598, 2009 WL 1228680 (W.D. Mich. April 30, 2009), recognized the distinction between discovery depositions and *de bene esse* depositions, yet still granted leave to depose the witness under Federal Rule of Civil Procedure 30(a)(2)(B), recognizing that leave of court was necessary because the proposed witness was incarcerated in prison. *Id.* at *1, 6.

Defendants' rely on *Landis v. Galarneau*, No. 05-CV-74013, 2010 WL 446445 (E.D. Mich. Jan. 28, 2010) to support their argument that the Plaintiffs were required to seek a stipulation or leave of court pursuant to Rule 30(a)(2) before conducting Leonid's Marmelshtein's second deposition, regardless of whether it was a *de bene esse* deposition. In *Landis*, the plaintiff filed a motion to have the court strike the notices of deposition to take the *de bene esse* depositions of two witnesses. The court observed that because one of the witnesses had already been deposed, the defendant was required to move for leave of court to take a second deposition, even though the second deposition was being taken to preserve the trial testimony of an unavailable witness. *Id*. at *3.

Like *Landis*, in the present case because the deposition of Leonid Marmelshtein was not merely a *de bene esse* deposition, but was Mr. Marmelshtein's second deposition, Plaintiffs were required to comply with Fed.R.Civ.P. 30. Rule 30 provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Fed.R.Civ.P. 30(a)(2)(A)(ii).

Defendants argue that they did not stipulate to Mr. Marmelshtein's second deposition and will be prejudiced if the deposition is offered at trial because they were not given an opportunity to review a report compiled by Plaintiffs' expert psychologist, Dr. Larry Friedberg prior to the deposition. After reviewing the materials pertinent to this motion, the Court is convinced that Defendants were notified by Plaintiffs more than one month before the deposition was conducted that Plaintiffs intended to take a video deposition of Leonid Marmeshtein for use in trial in the event the Plaintiff becomes unavailable to testify. Defendants actively participated in setting a mutually agreeable date on which the deposition could take place, and did not file a motion to quash the trial deposition. Furthermore, there is no indication in the record that prior to the deposition Defendants asked Plaintiffs to turn over a copy of Dr. Friedberg's expert report, or any other discovery for that matter, or filed a motion with the Court seeking discovery, so that they may be better prepared for the Plaintiff's trial deposition. The Defendants should have approached Mr. Marmelshtein's video deposition as though they were examining him at trial. The fact that they did not do so, and instead interjected last minute objections after the deposition had begun and after giving Plaintiffs every indication that they were in agreement with the deposition going forward, does not render the deposition invalid.

Defendants assert that Plaintiffs have failed to cite any authority to support their claim that a party's conduct may act as an implied stipulation to a second deposition. However, the Defendants have also failed to identify any authority for their position that a party can never through its conduct or verbally stipulate to a second deposition under Rule 30(a)(2)(A)(ii). Some courts have casually observed that a written stipulation of the parties is needed under Rule 30(a)(2)(A). *See, e.g., Express One Intern., Inc. v. Sochata*, No. 3-97 CV 3121-M, 2001 WL 363073, at *2 (N.D. Tex. March 2, 2001). However, the language of Rule 30(a)(2)(A) does not require a written stipulation, and the Court is not aware of binding authority which states that only a written stipulation will satisfy the requirements of the rule.

Defendants in the instant matter had sufficient notice of the trial deposition, yet took no action to ensure that the deposition of the 75-year-old Plaintiff with reportedly failing health was not conducted. In fact, not only did they take no action in preventing the deposition, but they actively participated in selecting a date and time for the deposition, and appeared for and conducted the deposition. Defendants gave Plaintiffs every indication to believe that they agreed to the second deposition of Mr. Marmelshtein. The Court therefore concludes that under the circumstances of this case the Defendants stipulated to the February 26, 2010 trial deposition of Leonid Marmelshtein. Consequently, Plaintiffs were not required to seek leave of court pursuant to Rule 30(a)(2)(A). Defendants' objections to Leonid Marmelshtein's February 26, 2010 video *de bene esse* deposition are overruled.

As a final matter Defendants have made vague allegations that the Court may lack jurisdiction to rule on this motion since the Defendants have a pending appeal before the Sixth Circuit Court of Appeals. (Docket no. 93). Defendants have failed to brief this issue or provide the

Court with any authority to support this argument. Furthermore, Defendants have not filed a motion to stay pending appeal and no such order has been entered by the Court. Defendants filed a notice of appeal of the Court's denial of their motion for summary judgment, in which the Court found in part that the Defendant officers were not entitled to qualified immunity, and that genuine issues of material fact remained regarding whether the Defendant officers lawfully executed the search warrant and used excessive force in deploying flash-bang grenades. (Docket no. 75). Since the issues in the present motion are not the same as those on appeal, and because the Defendants have not provided any authority to support their assertion, the Court has no basis for concluding that it lacks jurisdiction to rule on the instant motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Overrule Defendants' Objections to the *De Bene Esse* Deposition of Plaintiff Leonid Marmelshtein (docket no. 83) is **GRANTED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 21, 2010      s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE
I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 21, 2010      s/ Lisa C. Bartlett
                             Case Manager