UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Leonid Marmelshtein and**
**Arlene Marmelshtein,**

        **Plaintiffs,**        **Civil Action No.  07-15063**

        vs.        **District Judge Julian Abele Cook, Jr.**

**City of Southfield, Sgt.**        **Magistrate Judge Mona K. Majzoub**
**Lask, Police Officer Jeffrey**
**Jagielski, and Sgt. Morris,**

        **Defendants.**

_____/

**ORDER**

    Plaintiffs have filed this 42 U.S.C. § 1983 case alleging that the individual defendants violated their Fourth Amendment rights when the individual defendants allegedly entered their home without announcing their presence and when they allegedly used excessive force in subduing Plaintiffs.  Plaintiffs claim that the City of Southfield is liable for its officers' actions.  After an initial round of summary judgment motions and an appeal to the Sixth Circuit, three claims remain: excessive force claims against Defendants Jagielski and Lask; a knock-and-announce claim against Defendant Jagielski; and a municipal liability claim against the City of Southfield.

    Now before the Court is Defendants' motion to compel independent medical examinations ("IMEs") of Plaintiffs.  (Dkt. 119.)  The Court has been referred this motion pursuant to 28 U.S.C. § 636(b)(1)(A).  (Dkt. 120.)  The Court has reviewed the pleadings, dispenses with a hearing, and

1

issues this order.[1]

Defendants have moved to compel the IME of Plaintiffs. Plaintiffs do not argue that Defendants are entitled to an IME, but they do seek to impose conditions upon the IME.

On October 21, 2011 Plaintiffs and Defendants corresponded about the IMEs. (Defs.' Mot., Ex. F.) In that correspondence, Plaintiffs' counsel expressed a willingness to "consider" the IME, but wanted to know certain information about the examinations: when they would take place, who would conduct the examinations, the terms of the examinations, and whether a Russian translator would be permitted. (*Id.*)

On October 31, 2011 Defendants noticed IMEs for both Mr. and Mrs. Marmelshtein to take place on November 28, 2011, in Troy, Michigan. (Defs.' Mot., Ex. G.) Dr. Calmeze H. Dudley, M.D., was scheduled to conduct the IMEs. (*Id.*)

On November 3, 2011 Plaintiffs sent Defendants an email. (Defs.' Mot, Ex. H.) Plaintiffs informed Defendants that an order was required for an IME, but that they would be willing to agree to Defendants' request if Defendants agreed to certain conditions. (*Id.*) Plaintiffs requested the use of a previous translator, that the parties share the costs of that translator, that Plaintiffs' counsel be present for both Mr. and Mrs. Marmelshstein's interviews, and that the interviews be recorded, with the parties again sharing the costs of a videographer. (*Id.*) Defendants responded that they would agree to the translator, but that they had to review the other requests with Dr. Dudley. (Pls.' Resp., Ex. 4.)

On November 16, 2011 Plaintiffs emailed Defendants. (Defs. Mot., Ex. I.) Plaintiffs

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

confirmed that the parties had agreed upon a translator. (*Id.*) Plaintiffs also stated, for the first time, that Mr. Marmelshtein's condition "has deteriorated and [he] is unlikely to be willing and/or able to leave his house." (*Id.*) Plaintiffs then suggested that Defendants arrange for the IME at Mr. Marmelshtein's home. (*Id.*)

On November 22, 2011 Plaintiffs sent Defendants a message stating that Mrs. Marmelshtein would be at Dr. Dudley's office at the agreed upon date, but that one of her attorneys would accompany her. (Defs.' Mot., Ex. J.) Defendants state that they then withdrew their consent for the examination because they did not agree to have Plaintiffs' counsel present. (Defs.' Mot. at 2.) Defendants state that they incurred a late cancellation fee. (Defs.' Mot., Ex. K.)

Rule 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). "The order: (A) may be made only on motion for good cause shown and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed.R.Civ.P. 35(a)(2)(A) and (B).

"Rule 35(a) is silent on the question of whether a recording of the examination or observers should be allowed." *Zantello v. Shelby Township*, 06-10745, 2007 WL 737723, at *2 (E.D.Mich. Mar. 7, 2007) (Majzoub, Mag. J.) Despite that silence, "the majority of federal courts decline to allow either recording or an observer, absent a showing of a special need or good reason." *Lahar v. Oakland County*, 05-72920, 2006 WL 2269340, at *8 (E.D.Mich. Aug. 8, 2006)(Roberts, J.) "The party seeking to record or videotape an examination bears the burden of showing good cause for the request." *Paris v. Murray*, 10-108472011 WL 806588, at *1 (E.D.Mich. Mar. 2, 2011) (Majzoub,

3

Mag. J.) (citation omitted).

In this district, courts have recognized that "special need" or "good reason" can be shown when bias exists or when a party is incompetent. *See Zantello v. Shelby Township*, 06-10745, 2007 WL 737723, at *2 (E.D.Mich. Mar. 7, 2007) (Majzoub, Mag. J.) (rejecting the plaintiff's request for a recording or an observer and noting that the plaintiff had made no allegations "that the physician may be biased or that for some other reason his report of the examination would be suspect."). *See also Ardt ex rel. Parker v. Allstate Ins. Co.*, 09-14247, 2011 WL 768294, at *2 (E.D.Mich. Feb. 28, 2011)(Battani, J.) (finding a special need for a third-party observer of a mental examination when the plaintiff was "adjudged legally incompetent" and was "under the care of a court-appointed [g]uardian ever since[.]") The *Ardt* court further noted that the plaintiff there suffered from "frequent behavioral outbursts, [had] limited speech capabilities[,] and [had] lived in a rehabilitation center for over a decade." *Id*. The court permitted an observer because that observer calmed the plaintiff. *Id*.

Here, Plaintiffs do not dispute that their mental condition is in controversy or that Defendants have good cause to have Plaintiffs submit to mental examinations. (Pls.' Resp. at 5.) But Plaintiffs request conditions on the examination. (*Id.*) They request (1) that Mr. Marmelshtein's examination occur in his own home, with the assistance of a translator and the unobtrusive presence of his counsel; (2) that Mrs. Marmelshtein's examination occur with the presence of her counsel; and (or in the alternative to counsel being present), (3) a discrete and unobtrusive video recording of the examinations be allowed. (*Id*. at 5-6.)

Plaintiffs state that Mr. Marmelshtein suffers from extreme emotional and mental trauma as a direct result of Defendants' unlawful acts. (Pls.' Resp. at 8.) Plaintiffs further state that Mr.

4

Marmelshtein's PTSD, depression, and fear of leaving his home has "recently taken a turn for the worse." (*Id.*) They represent that Mr. Marmelshtein was hospitalized from December 12, 2011 through December 27, 2011, "during which time his treating doctors sought probate court intervention, due to his extreme paranoia and 'major depression with psychosis,' which made treatment impossible without a court order." (*Id.*) Plaintiffs also state that "Mr. Marmelshtein's health has deteriorated so greatly that [] Mrs. Marmelshtein[] is in the process of gaining legal guardianship of [him.]" (*Id*. at 10.) They argue that, "because both Plaintiffs are in fragile positions, and because a [defense medical examination] is adversarial in nature, the will of both Plaintiffs could easily be overtaken during an evaluation." (Pls.' Resp. at 10.) Plaintiffs therefore request that their counsel be present during the examinations. (*Id.*)

Although Plaintiffs have attached records showing that Mrs. Marmelshtein has petitioned to have the court declare Mr. Marmelshtein legally incapacitated, Plaintiffs have not submitted documentation that he has actually be deemed legally incapacitated. That absence, coupled with the fact that Plaintiffs first mentioned that Mr. Marmelshtein could not leave his home on November 16, 2011, supports a finding that IMEs must be carried out in the normal fashion.

Plaintiffs also assert that Dr. Dudley has a "history of ignoring crucial facts when reaching expert conclusions." (Pls.' Resp. at 10.) Plaintiffs cite *Aldahe v. Matson Navigation Co., Inc.*, 06-11125, 2008 WL 659797, at *4 (E.D.Mich. Mar. 11, 2008) (Cleland, J.), in support of that proposition. But the Court disagrees with Plaintiffs about the *Aldahe* court's characterization of Dr. Dudley's expert testimony. The *Aldahe* court noted that Dr. Dudley may have had a "lack of factual underpinning" in his conclusion, but the court specifically stated that that lack would not justify striking Dr. Dudley's testimony. *Id*. Having reviewed the opinion, the Court finds that it does not

5

support Plaintiffs' argument that Dr. Dudley is so biased. The Court certainly is not persuaded by Plaintiffs' statement that "Dr. Dudley has a known history of ignoring crucial facts that could change his conclusions[.]" (*Id*. at 11.)

The Court further finds that Plaintiffs' reliance upon *Aldahe* is misplaced–leading their attempt to discredit Dr. Dudley to fail. For these reasons, the Court finds that the IMEs must take place as laid out below.

Within fifteen days of this order, the parties are to file a stipulated order for the day and time of the IMEs to take place within thirty days of this order. The IMEs will take place at Dr. Dudley's office. Plaintiffs' counsel will not be allowed in the room while Dr. Dudley is examining Plaintiffs. And neither party will record the IMEs. The parties have already resolved the translator issue. Defendants will pay the cancellation fee for Mrs. Marshelstein's cancelled examination because Defendants did not file a motion and did unilaterally notice the IMEs. Plaintiffs shall bear the cost of the translator. No others award of fees to either party is warranted.

SO ORDERED.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: 3/5/12                       s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 5, 2012           s/ Lisa C. Bartlett
                                             Case Manager