UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONID MARMELSHTEIN and ARLENE
MARMELSHTEIN

        Plaintiffs,

    v.                                  Case No. 07-15063
                                         Honorable Julian Abele Cook, Jr.

CITY OF SOUTHFIELD, et al

        Defendants.

ORDER

      This case arises from allegations by the Plaintiffs, Leonid Marmelshtein and his wife, Arlene, that the City of Southfield, Michigan and other Defendants violated their fundamental rights under the United States Constitution. Before the Court are the Plaintiffs' objections to the Magistrate Judge's order of April 25, 2012. (ECF 160).

I.

      On April 25, 2012,  Magistrate Judge Mona Majzoub issued an order which directed the Defendants to produce:

    1.      All documents generated in the normal course of business reflecting disciplinary actions, citizen complaints, and/or prior lawsuit history of Southfield Police Department officers from 2000 to present responsive to allegations of excessive force, including the use of flash bang devices; and

    2.      Any and all documentation of training that Defendant the City of Southfield's officers received through 2004 regarding excessive force, knock and announce, and flash-bang devices.

1

3.     Defendants are to produce the documents separately for the
individual defendants, Lask and Jagielski. (Order Den. Mot. for
Sanctions; Granting in part Mot. to Compel, April 25, 2012.)

Timely objections were submitted thereafter by the Plaintiffs who contend that this decision
deprived both of them of an opportunity to explore additional appropriate discovery, including an
examination of all citizen complaints against these two officers.

A district judge may overturn a magistrate judge's order only if it is "clearly erroneous or
is contrary to law." Fed. R. Civ. P. 72(a). More specifically, "[a] finding is 'clearly erroneous' when
although there is evidence to support it, the reviewing court on the entire evidence is left with the
definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*,
333 U.S. 364, 395 (1948).

In their objections, the Plaintiffs maintain that they should be given access to the complete
personnel files of Lask and Jagielski, including such information as "disciplinary actions,
commendations, psychological evaluations, reports of misconduct and investigations and
dispositions of citizen complaints." (Pls.' Objections to Magistrate's April 25, 2012 Op. and Order,
p.5). In advancing their position, both of the Plaintiffs assert that "the law is well-established that
personnel files of police officers is relevant and discoverable in civil rights cases for police
misconduct under 42 U.S.C. § 1983. This is particularly true where, as here, the claim is based at
least in part on the liability of the municipality." *Id.* at 7.

The Defendants disagree, arguing that they should not be required to produce personnel files
because this form of information is protected by the executive privilege doctrine. The "executive
privilege" doctrine protects those "intra-government documents which reflect advisory opinions,
recommendations, and deliberations comprising part of the process by which governmental

decisions are formulated" from discovery. *See Dowd v. Calabrese,*101 F.R.D. 427, 430 (D.D.C.1984). However, it does not protect "factual material, including reports and summaries." *Miller v. Vill. of Pinckney,* 07-10928, 2007 WL 4357724 (E.D. Mich. Dec. 11, 2007). Furthermore, "there is no general privilege for personnel files." *Cessante v. City of Pontiac*, No. 07-15250, 2009 WL 973339 at *5 (E.D. Mich. Apr. 9, 2009). This is true even for police department files. *See Watts v. Kimmerly*, 1:95-279, 1996 WL 911254 (W.D. Mich. Apr. 12, 1996), at *3. Thus, it is readily apparent that the requested factual material within the personnel files of these two law enforcement officers is not protected by executive privilege - only advisory opinions and similar deliberative evaluations are protected.

It should be noted that there is precedent within the Eastern District of Michigan wherein courts have ordered the production of complete personnel files in cases involving excessive force claims against law enforcement officers. *See, e.g., Perry v. City of Pontiac*, 07-14036, 2011 WL 4345239 at *3 (E.D. Mich. Sept. 16, 2011) (plaintiffs seeking personnel files of law enforcement officer accused of using excessive force during drug raid action were entitled to them because they "contained documentation that is highly relevant to the . . . municipal liability claims"); *Miller v. Vill. of Pinckney,* 07-10928, 2007 WL 4357724 (E.D. Mich. Dec. 11, 2007) (relevant and non-privileged police personnel files must be produced for *in camera* review); *Cessante v. City of Pontiac*, No. 07-15250, 2009 WL 973339 at *5 (E.D. Mich. Apr. 9, 2009) (entire personnel files are not discoverable, but documents and items including psychological evaluations relating to actual or alleged violence and/or use of excessive force must be produced).  In *Zantello v. Shelby Township*, 06-10745, 2006 WL 3759950, at *1 (E.D. Mich. Dec. 20, 2006), the plaintiff unsuccessfully sought to obtain the complete personnel files of each defendant. The court, in declining to grant the

plaintiff's overall request, only required the defendant governmental authority to produce those documents which related to such pertinent issues as malicious prosecution, false arrest, assault/battery, and/or excessive force for an *in camera* review.

In support of their position on this issue, the Plaintiffs point to *Scouler v. Craig*, 116 F.R.D. 494, 496 (D.N.J. 1987), for the proposition that the personnel files of law enforcement officers in police misconduct cases are discoverable. However, it should be noted that the *Scouler* court declined to order the production of the officers' *entire* file to the plaintiff. Rather, the court - following an *in camera* review - ordered the defendant to produce the documents that were relevant to the allegations within the complaint.

In its review of the currently pending issues, the Court concludes that the Plaintiffs have failed to establish the necessity of uncovering the personnel files of Lask and Jagielski for discovery beyond those documents which were the subject of Magistrate Judge Majzoub's directive. The Court also concludes that the Plaintiffs have failed to provide the Court with a sufficient basis upon which to declare this now-challenged order to be clearly erroneous.

Turning now to the final objection by the Plaintiffs, both of whom seek to obtain the production of every citizen complaint, disciplinary action, internal investigation, and all other claims against Lask and Jagielski, including "incident reports, witness statements, citizen complaint forms, related police reports as to each incident that was the subject of a citizen complaint." (Pls.' Objections to Magistrate's April 25, 2012 Op. and Order, Exhibit 1, p.5).

Magistrate Judge Majzoub ordered the production of "all documents generated in the normal course of business reflecting disciplinary actions, citizen complaints, and/or prior lawsuit history

of Southfield Police Department officers from 2000 to present responsive to allegations of excessive force, including the use of flash bangs." (Order of April 25, 2012 at 6).

The Plaintiffs, in their objections, have failed to establish (1) how this broad production order is clearly erroneous, and (2) the discrepancy, if any, between the material that they seek to obtain and the documents which the Defendants have already been required to produce. Hence, the Court must reject the Plaintiffs' request for relief, as set forth in their motion, because the contested order by Magistrate Majzoub is not "clearly erroneous."

IV.

The Defendants are directed to produce the documents, which were identified by Magistrate Judge Majzoub, within a period of twenty-one days of this Order. (ECF 160).  The motion by the Defendants to stay these proceedings is denied for mootness. (ECF 162).

IT IS SO ORDERED.

Date: June 20, 2012                                          s/Julian Abele Cook, Jr.
                                                            JULIAN ABELE COOK, JR.
                                                            U.S. District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 20, 2012.

                                                            s/ Kay Doaks
                                                            Case Manager