UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Leonid Marmelshtein and
Arlene Marmelshtein,**

       **Plaintiffs,**           **Civil Action No.: 07-CV-15063**

       vs.                **District Judge Julian Abele Cook, Jr.**

                             **Magistrate Judge Mona K. Majzoub**

**City of Southfield, Sgt. Lask,
Police Officer Jeffrey Jagielski,
and Sgt. Morris,**

       **Defendants.**
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS FOR NONCOMPLIANCE WITH DISCOVERY ORDER [173]

Before the Court is Plaintiffs' Motion for Sanctions for Noncompliance with Discovery Order. (Docket no. 173.) Defendants filed a Response (docket no. 175), and Plaintiffs filed a Reply (docket no. 176). The motion was referred to the undersigned for consideration. (Docket no. 183.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

**I.    Background**

Plaintiffs have been attempting to obtain the discovery at issue in this matter for more than four years. (*See* docket no. 137-2 at 4.) Plaintiffs filed their Complaint under 42 U.S.C. § 1983 on November 28, 2007, alleging that the individual defendants violated their Fourth Amendment rights and that the City of Southfield is liable for its officers' actions. (*See* docket no. 1.) After several motions, an interlocutory appeal to the Sixth Circuit, and an Amended Complaint filed by Mrs.

1

Marmelshtein, only the following claims remain: (1) Mr. Marmelshtein's excessive force claim against Defendants Jagielski and Lask; (2) both Plaintiffs' knock-and-announce claims against Defendant Jagielski; and (3) both Plaintiffs' municipal liability claims against the City of Southfield, the latter of which is relevant to the instant motion.

On May 22, 2008, Plaintiffs served Defendants with their First Request for Production of Documents and sought the following through Request for Production #13:

> Any and all documentation of training that each individual Defendant received by or through Defendant CITY from their respective dates of hire up to and including December 13, 2004, including but not limited to:
>
> a. Residential surveillance of suspected drug activity;
>
> b. Search procedures, including drug raids;
>
> c. Specialized training for members of the Special Entry and Response Team;
>
> d. Arrest procedures, including execution of warrants and warrantless arrests;
>
> e. Use of force generally;
>
> f. Use of force to effectuate arrests;
>
> g. Medical treatment for injured persons; and
>
> h. Investigations of incidents involving people injured through police action.
>
> Such documentation should include, but not be limited to, handbooks, manuals, handouts, audio/visual materials, and certificates of completion, acknowledgment forms or other documentation confirming each individual Defendant's participation in any such training.

(Docket no. 173-2 at 3.) Over 14 months later, and after some back-and-forth discussions between counsel, Plaintiffs filed their first Motion to Compel with regard to this Request for Production.

2

(Docket no. 62.) On September 30, 2009, the Court entered the parties' Stipulation and Order resolving their discovery disputes and agreeing, in relevant part, as follows:

> To the extent that any such materials exist, Defendants will make available, within fourteen (14) days of the filing of this Order, documents responsive to Plaintiffs' First Request for Production of Documents and Things, Request #13, regarding training materials, including handbooks, manuals, handouts, and audiovisual materials.

(Docket no. 76 at 2.) Thus, as of September 30, 2009, Defendants were under a court-ordered obligation to produce such materials for inspection under Fed.R.Civ.P. 34.

On October 14, 2009, Defendants produced a list of training materials for Plaintiffs' inspection, presumably with the intent to allow Plaintiffs to select which materials they would like to review in detail. (*See* docket no. 173-5 at 2; docket no. 173-6 at 2-19.) Soon thereafter, however, Defendants filed notice of their interlocutory appeal to the Sixth Circuit. (Docket no. 79.) And for the next 20 months, while Defendants' appeal was pending, Defendants failed to produce any of the materials that they agreed to make available in the Stipulation and Order.

On September 16, 2011, nearly three-and-a-half years after originally sending their Request for Production and nearly two years after entering into the Stipulation and Order, Plaintiffs filed a Motion for Sanctions alleging that Defendants had failed to produce documents responsive to Request No. 13 as ordered. (Docket no. 106.) On April 25, 2012, after extensive briefing and oral argument, the Court ordered defendant to produce the following:

> Any and all documentation of training that Defendant the City of Southfield's officers received through 2004 regarding excessive force, knock and announce, and flash-bang devices.

(Docket no. 157 at 6.) Plaintiffs objected to the Court's Order in relation to production of certain information contained in the individual defendant's personnel files. (Docket no. 160.) The Court's

3

Order was affirmed on June 20, 2012, and Defendants were, again, ordered to produce documents responsive to Request No. 13 as set forth in the Court's April 25, 2012 Order. (Docket no. 168 at 5.)

On July 11, 2012, Defendants produced documents responsive to Request No. 13 but included no "handbooks, manuals, handouts, [or] audio/visual materials." (*Compare* docket no. 173 ¶ 20 *with* docket no. 175 ¶ 20.) And following some more back-and-forth conversation between counsel, on August 3, 2012, Defendants provided additional documentation but, again, failed to include any training materials. (*Compare* docket no. 173 ¶ 23 *with* docket no. 175 ¶ 23.) Plaintiffs then filed their instant Motion for Sanctions for Noncompliance arguing that Defendants violated the September 30, 2009 Stipulated Order, the Court's April 25, 2012 Order, and the Court's June 20, 2012 Order. (Docket no. 173.)

**B.      Standard**

Rule 37(b)(2) provides that if a party disobeys a discovery order, the court may render a default judgment against the disobedient party. Fed.R.Civ.P. 37(b)(2)(A)(vi). The court may also "prohibit the disobedient party from . . . introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(A)(ii). Additionally, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed.R.Civ.P. 37(b)(2)(C).

**C.      Analysis**

In response to Plaintiff's Motion, Defendants' primary argument appears to be that the Court never order them to produce training materials; instead, the Court limited their production to

4

"records reflecting the training which had taken place."[1] (Docket no. 175 at 12.) Defendant is incorrect. Moreover, the Court finds Defendants' argument disingenuous.

Plaintiffs' Request No. 13 sought production of "[a]ny and all documentation of training" and then defined that "such documentation should include [various training materials]." (Docket no. 173-2 at 3.) The basis of Defendants' argument rests in the language of the Court's order, which adopted Plaintiffs' request for "[a]ny and all documentation of training" but chose to omit Plaintiffs' language defining what "such documentation should include." (Docket no. 157 at 6.) As the Court stated, its Order was based on the reasons included therein and "the reasons stated on the record at the March 20[, 2012] hearing." (*Id.*) The Order itself does not contain the limitation presumed by Defendants, and the Parties discussed no such limitation on the record.[2] Defendants were well aware of what documents Plaintiffs sought, and Defendants are well aware of what documents the Court ordered them to produce.

Moreover, for over four years, Defendants acknowledged that Request No. 13 sought training materials, not just "records reflecting the training which had taken place." In September 2009, Defendants agreed to provide records "regarding training materials, including handbooks, manuals, handouts, and audio/visual materials." (Docket no. 76 at 2.) On October 14, 2009, Defendants

---

[1] Defendants also argue that only agreed to "make available" the training records, not to actually "provide" them to Plaintiffs. (Docket no. 175 at 11.) Whatever distinction Defendants try to draw between the meaning of "make available" and "provide," this Court ordered Defendant to "produce" such materials in accordance with Fed.R.Civ.P. 34. (Docket no. 157 at 6.) Therefore, Defendant's argument is moot.

[2] Defendants also note that the Court limited Plaintiffs' request to "some of their requested documents." (Docket no. 175 at 12.) This limitation, however, only limited the records requested in Request No. 13 subsections (a) through (h) to those records "regarding excessive force, knock and announce, and flash-bang devices." (Docket no. 157 at 6.)

5

provided Plaintiffs with a list of training materials that would be "made available to Plaintiffs' counsel." (Docket no. 173-5 at 2.) Plaintiffs responded by listing nearly 70 items from that list that they "would like to review." (Docket no. 173-6.) On February 5, 2010, April 8, 2010, and August 26, 2011, Plaintiffs again requested to review "Training materials (Request #13)." (Docket no. 173-7 at 1, 2; docket no. 173-8 at 1; docket no. 173-9 at 1-2.) On July 13, 2012, following Defendants' first supplemental production under the Court's April 25, 2012 Order, Plaintiffs informed Defendants that they "neglected to provide the training materials themselves." (Docket no. 173-11 at 2.) And finally, on August 1, 2012, Plaintiffs wrote to Defendants and stated the following:

> Although you have produced lists of training, along with a few certificates, that the respective officers received, we do not believe that your production is sufficient insofar as it fails to include the underlying "documentation of training" that was requested and that the Court has ordered you to produce, to wit: ". . . *includ[ing], but not . . . limited to, handbooks, manuals, handouts, audio-visual materials . . .* ," etc. Please ensure that your supplemental production of documents includes this materials as to each officer who was part of the raid at the Plaintiffs' home on December 13, 2004.

(Docket no. 173-12 at 1 (emphasis added) (omissions in original).) Notably, Defendants' August 3, 2012 response did not indicate that the Court's order excluded such items from production; instead, Defendants informed Plaintiffs that "the training records requested are not maintained by the department in the normal course." (Docket no. 173 at 13.) Thus, it appears that the first time Defendants even contemplated such a limitation was in response to the instant Motion.

Defendants assert that their August 3, 2012 response only applied to "'training records' and not the classroom materials." (Docket no. 175 at 15.) Assuming, *arguendo*, that Defendant only intended its response to apply to "training records," then their response was intentionally misleading, as Plaintiff's August 1, 2012 letter specifically requested "handbooks, manuals, handouts, [and] audio-visual materials." (Docket no. 173-12 at 1.) More importantly, however, Defendants'

6

argument implies that such materials are available for production. Therefore, the Court will again order Defendants to produce such materials. Additionally, the Court will grant Plaintiffs' Motion for Sanctions in the form of reasonable expenses, including attorneys fees, that were caused by Defendants' failure to comply with the Court's orders. At this time, the Court will not impose additional sanctions under Fed.R.Civ.P. 37(b)(2)(i) as requested by Plaintiffs. Nevertheless, if Defendants fail to comply with this Order, the Court will consider additional sanctions, including but not limited to those requested by Plaintiffs in their instant Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant must produce, no later than January 4, 2013, pursuant to Fed.R.Civ.P. 34, any and all documentation of training that Defendant the City of Southfield's officers received through 2004 regarding excessive force, knock and announce, and flash-bang devices, including but not limited to all training materials, such as handbooks, manuals, handouts, and audio/visual materials.

**IT IS FURTHER ORDERED** that Defendants and Defendants' counsel are ordered to pay reasonable expenses, including attorneys fees, that were caused by Defendants' failure to comply with this Court's previous orders.

**IT IS FURTHER ORDERED** that Plaintiffs must submit to the Court a bill of costs itemizing their costs associated with the attempted production of the materials requested in their Request for Production No. 13 no later than January 4, 2013, at which time the Court will determine the amount of Defendants' sanctions pursuant to this Order.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days


from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  December 21, 2012         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 21, 2012          s/ Lisa C. Bartlett
                                  Case Manager