UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Leonid Marmelshtein and
Arlene Marmelshtein,

          **Plaintiffs,**          Civil Action No. 07-15063

      vs.               Chief District Judge Julian Abele Cook, Jr.

City of Southfield, Sgt. Lask,      Magistrate Judge Mona K. Majzoub
Police Officer Jeffrey Jagielski,
and Sgt. Morris,

          **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiffs Leonid and Arlene Marmelshtein filed this 42 U.S.C. § 1983 claim against Defendants Southfield, Lask, Jagielski, and Morris alleging that the individual defendants violated their Fourth Amendment rights and that the defendant city is liable for its officers' actions. (*See* docket no 11.) After several motions, an interlocutory appeal to the Sixth Circuit, and an Amended Complaint, only three claims remain. (*See* docket no. 203 at 2.) The motion at hand centers around a discovery dispute: for more than 4 years, Plaintiffs have been attempting to obtain documents related to training that the officers received regarding the use of excessive force, knock and announce, and flash-bang devices. (*See id.* at 2-4.) After several motions and orders, on December 21, 2012, the Court ordered sanctions against Defendants (*Id.* at 7.) The Court now issues this Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(A).

I.        **Recommendation**

This Court recommends that Plaintiffs be awarded reasonable costs and attorneys fees in the amount of $12,135.60, payable by Defendants.  The Court further recommends that Defendants be ordered to remit such payment to Plaintiffs' counsel on or before April 19, 2013.

## II.     Report

### A.      Procedural History

This matter was initially before the Court on Defendants' Motion for Sanctions for Noncompliance with Discovery Order.  (Docket no. 173.)  Defendants filed a Response (docket no. 175), and Plaintiffs filed a Reply (docket no. 176).  The motions were referred to the undersigned for consideration.  (Docket no. 183.)

After a thorough review of the record and the Parties' arguments, the Court found that Defendants had failed to comply with a September 30, 2009 Stipulation and Order, an April 25, 2012 Order, and a June 20, 2012 Order.  (*See* docket no. 203 at 3-4 (citing docket nos. 76, 157, and 168.)  The Court Granted Plaintiffs' Motion and Ordered Defendants to produce the requested documents; the Court also ordered Defendants to pay reasonable expenses, including attorneys fees, that were caused by Defendant's failure to comply with previous orders.  (*Id.* at 7.)

Pursuant to the Court's Order, Plaintiffs submitted their Bill of Costs.  (Docket no. 205.)  Defendants then filed an Objection to Bill of Costs (docket no. 208), Plaintiffs filed a Motion to Strike Defendants' Objection (docket no. 210), and Defendants filed a Response to Plaintiff's

Motion (docket no. 212).  Plaintiff's Motion was also referred to the undersigned for consideration.[1]

(Docket no. 216.)

Plaintiffs request the following amounts:

Attorneys Fees:

| | | |
|---|---|---|
| K. James: | $7,381.13 | ($225.00 x 32.81 hours) |
| J. Hurwitz: | $6,798.75 | ($350.00 x 19.43 hours) |
| W. Goodman: | $2,581.88 | ($375.00 x 6.89 hours) |
| J. Eggert: | $5,872.50 | ($150.00 x 39.15 hours) |

Costs:

| | | |
|---|---|---|
| Copying (B&W): | $19.32 | ($0.12 x 161 pages) |
| Copying (Color): | $44.45 | ($0.35 x 127 pages) |
| Binders: | $42.00 | ($7.00 x 6 binders) |

| | |
|---|---|
| Total: | $22,740.02 |

(Docket no. 205-2 at 7.)

### B.      Attorney Fees Standard

"Civil contempt sanctions are intended 'to enforce compliance with court orders and to compensate injured parties for losses sustained.'" *Banner v. City of Flint*, 99 Fed. App'x. 29, at *41 (6th Cir. 2004) (citing *Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir.1994)).  Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked.  *Ellison v. Balinski*,

---

[1] Plaintiffs assert that Defendant's objections should be stricken because the Court did not invite Defendants to file objections. (Docket no. 210 at 1-3.)  Nevertheless, anticipating that the Court may deny their Motion, Plaintiffs included a brief in response to Defendants' objections. (*Id.* at 4-8).  The Court has considered the Parties' arguments while making this Report and Recommendation; therefore, concurrent with entering this Report and Recommendation, the Court will deny Plaintiff's Motion to Strike through a Text-Only Order.

625 F.3d 953, 960 (6th Cir. 2010).  The Court "has broad discretion to determine what constitutes

a reasonable hourly rate for an attorney."  *Hett*, 2011 WL 740460, at \*2 (quoting *Wayne v. Vill. of

Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).  But "[a]ccording to the law of this circuit, [the court] is

required to adjust attorney fee rates to the local market rates for attorneys."  *Swans v. City of

Lansing*, 65 F.Supp.2d 625, 647 (W.D.Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th

Cir. 1995)).   In addition, the court considers the following factors when calculating the

reasonableness of attorney fees: (1) the professional standing and experience of the attorney; (2) the

skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty

of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship

with the client.  *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

> The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation is inadequate, the district court may reduce the award accordingly.

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended."  S.Rep. No. 94-1011, p. 6 (1976).  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission[.]

*Hensley v. Eckerhard*, 461 U.S. 424 (1983).

    **C.**    **Analysis**

        **1.**    **Reasonable Hourly Rates**

Plaintiffs assert that the rates for the individual attorneys reflected in their Bill of Costs are reasonable because each attorney's rate is "based on their own individualized skill, experience, and reputation, and each rate is supported by the *2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report*, published by the State Bar of Michigan in January 2011." (Docket no. 205 at 5 (hereinafter, "2010 Survey").) Defendant draws the Court's attention to *Sykes v. Anderson*, 05-71199, 2008 WL 4776837 (E.D. Mich. Oct. 31, 2008), aff'd, 419. App'x 615 (6th Cir. 2011), wherein the Court discussed the appropriate rates for attorneys Hurwitz and James. The Court recognizes, however, that *Sykes* was decided four-and-a-half years ago; thus, the attorneys in question are slightly more experienced, and the local market rates may have changed.

Attorney Kathryn Bruner James seeks an hourly rate of $225.00. (*See* docket no. 205 at 5.) Ms. James is an associate attorney and has been practicing law for five years; she also worked as a law clerk for two years before she received her license. (Docket no. 205-4 at 1.) The *Sykes* court found that a reasonable hourly rate for Ms. James was $150.00. *Sykes*, 2008 WL 4776837 at *5. Defendant asserts that $150.00 per hour is still a reasonable rate for Ms. James. (Docket no. 208 at 7.) In reaching its decision, the *Sykes* court looked at Ms. James's experience and reviewed the 2003 and 2007 *State Bar of Michigan Economics of Law Practice* surveys. *Id.* (citing *2003 Economics of Law Practice, Attorney Income and Billing Rate Summary Report*; *2007 Economics of Law Practice Attorney Income and Billing Rate Summary Report* (hereinafter "2007 Survey")). Likewise, the Court has reviewed the 2007 Survey and the 2010 Survey. In 2007, the median hourly rate for litigators with less than 5 years of experience was $175.00. *See* 2007 Survey at 20.) While Ms. James appears to be a competent, thorough, and successful attorney after five years of practice, Plaintiffs have provided nothing to suggest that she should be afforded a reasonable hourly rate

5

greater than the median rate in the local market.  Thus, the 2010 Survey provides the following

relevant information:

    a.      the median hourly rate for an "Associate" is $195.00 (2010 Survey at 7);
    b.      the median hourly rate for an attorney with 5 years of practice experience is $175.00 and for those with 6 years of experience is $200.00 (*id.*);
    c.      the median hourly rate for an attorney in Downtown Detroit is $255.00 (*id.* at 9);
    d.      the median hourly rate for an attorney practicing civil-rights law is $230.00 (*id.* at 10); and
    e.      the median hourly rate for practice in Wayne County, Michigan is $230.00 (*id.* at 13).

It is not unreasonable to believe that the hourly rate for Ms. James's services has increased

throughout the first five years of her practice, but the 2010 Survey indicates that a $75.00 per hour

increase to $225.00 per hour is on the very high end if not outside of the local market rates for

associates with 5 years of experience practicing civil-rights law in Downtown Detroit.  Therefore,

the Court recommends finding that Ms. James's reasonable hourly rate is $200.00 per hour.

Attorney Julie Hurwitz seeks an hourly rate of $350.00.  (Docket no. 205 at 5.)  Ms. Hurwitz

is a partner at Goodman & Hurwitz, P.C. and has been practicing law for 30 years.  (Docket no. 205-

5 at 1.)  She is an Adjunct Professor of Law at the University of Detroit Mercy School of Law and

has been selected as a Michigan Super Lawyer.  (*Id.* at 2.)  She has lectured on various aspects of

trial practice, and she has successfully tried "more than a dozen civil rights, workers' rights, or

premises liability cases" to verdict.  (*Id.*)  In *Sykes*, Ms. Hurwitz also requested an hourly rate of

$350.00, and the court found that a reasonable hourly rate for her services was $250.00. *Sykes*, 2008

WL 4776837 at *5.  Defendant argues that $250.00 per hour is still a reasonable hourly rate for Ms.

Hurwitz's services.  (Docket no. 208 at 7.)  Based on Ms. Hurwitz's experience and her reputation

in the community, the Court finds that she is entitled to consideration in the 75th percentile of the

market; thus, the 2010 Survey provides the following as guidance:

a.      the 75th percentile hourly rate for a "Managing Partner" is $315.00 (2010 Survey at 7);
b.      the 75th percentile hourly rate for an attorney with 30 years of practice experience is $300.00 (*id.*);
c.      the 75th percentile hourly rate for an attorney in Downtown Detroit is $375.00 (*id.* at 9);
d.      the 75th percentile hourly rate for an attorney practicing civil-rights law is $325.00 (*id.* at 10); and
e.      the 75th percentile hourly rate for practice in Wayne County, Michigan is $300.00 (*id.* at 13).

Again, it is not unreasonable to believe that the hourly rate for Ms. Hurwitz's services has increased

throughout the five years since the court's decision in *Sykes*, but the 2010 Survey indicates that a

$100.00 per hour increase to $350.00 per hour is on the very high end if not outside of the local

market rates for managing partners with 30 years of experience practicing civil-rights law in

Downtown Detroit. Therefore, the Court recommends finding that Ms. Hurwitz's reasonable hourly

rate is $325.00 per hour.

Attorney William Goodman seeks an hourly rate of $375.00. (Docket no. 205 at 5.) Mr.

Goodman's rate was not determined by the *Sykes* court, but Defendant argues that a rate of $250.00

per hour is appropriate. Mr. Goodman is a partner at Goodman & Hurwitz, P.C., and has been

practicing law for 46 years. (Docket no. 205-6 at 1.) From 1998 to 2007, he was the Legal Director

of the Center for Constitutional Rights in New York City, and teaches Civil Rights Litigation at

Wayne State University. (*Id.* at 2.) Like Ms. Hurwitz, Mr. Goodman has significant trial experience

and has received numerous awards from his peers. (*See id.* At 2.) Thus, like Ms. Hurwitz, Mr.

Goodman is entitled to consideration in the 75th percentile of attorneys practicing in the local

market; thus, the 2010 Survey provides the following as guidance:

a.      the 75th percentile hourly rate for a "Managing Partner" is $315.00 (2010 Survey at 7);

b.      the 75th percentile hourly rate for an attorney with greater than 35 years of practice experience is $315.00 (*id.*);

c.      the 75th percentile hourly rate for an attorney in Downtown Detroit is $375.00 (*id.* at 9);

d.      the 75th percentile hourly rate for an attorney practicing civil-rights law is $325.00 (*id.* at 10); and

e.      the 75th percentile hourly rate for practice in Wayne County, Michigan is $300.00 (*id.* at 13).

Like the requested rates for Ms. James and Ms. Hurwitz, Mr. Goodman's requested rate of $375.00 per hour is on the very high end if not outside of the local market rates for managing partners with over 35 years of experience practicing civil-rights law in Downtown Detroit.  Therefore, the Court also recommends finding that Mr. Goodman's reasonable hourly rate is $325.00 per hour.

Attorney Jason Eggert seeks an hourly rate of $150.00.  (Docket no. 205 at 5.)  Defendant does not contest this rate.  (Docket no. 208 at 7.)  Moreover, this rate appears to be in line with the 2010 Survey.  (*See* 2010 Survey at 7, 9, 10, 13.)  Therefore, the Court recommends finding that Attorney Eggert's reasonable hourly rate is $150.00.

### 2.      Number of Hours Reasonably Expended

Plaintiffs' assert that they spent a total of 98.27 hours attempting to obtain the discovery at issue in this matter.[2]  (Docket no. 205-2 at 2.)  Plaintiffs assign this time as follows:

- •      Ms. James:           32.81 hours
- •      Ms. Hurwitz:         19.43 hours
- •      Mr. Goodman:      6.89 hours
- •      Mr. Eggart:          39.15 hours

---

[2]Plaintiffs note that they reduced the number of hours expended on various tasks by 75% or 90% because the time spent on a particular task was dedicated to resolving multiple discovery disputes.  (Docket no. 205 at 3-4.)  Plaintiff's spreadsheet reflects this reduction.  (*See* docket no. 205-2.)

(*Id.*)  Defendants argue that Plaintiffs' attorneys' time is excessive because (1) Defendants had already disclosed some of the information that Plaintiff was attempting to obtain; (2) any hours expended before July 22, 2012, should be excluded because the Court's sanctions are being imposed for a violation of an Opinion and Order entered on that date; (3) much of the billed time is duplicative; and (4) the matter was overstaffed.  (*See* docket no. 208 at 2-6.)

As noted, Plaintiffs have been attempting to obtain the discovery at issue for more than four years, so the time that Plaintiff's attorneys have spent attempting to obtain this discovery has been considerable.  Nevertheless, Defendants are correct that the Court ordered sanctions against Defendants for a failure to obey they Court's Orders, not for a failure to provide the requested discovery when it was originally requested.  Thus, any time spent before the Court entered the Order that Defendants violated must be excluded.  Defendants, however, misinterpret the Court's December 20, 2012 Order.  The Court ordered sanctions for "failure to comply with the Court's *orders*."  (Docket no. 203 at 7 (emphasis added).)  As the Court stated in relation to the Parties' Stipulation and Order, "as of September 30, 2009, Defendants were under a *court-ordered obligation* to produce such materials."  (*Id.* at 3 (emphasis added).)  Defendants failed to comply with this order, resulting in Plaintiff's need to file multiple Motions to Compel.  Any time expended after September 30, 2009, was done so because of Defendants' failure to comply with the Stipulation and Order; any time expended before September 30, 2009, should be excluded from the Bill of Costs.  Therefore, the Court recommends reducing Ms. James's time by 4.36 hours; Ms. Hurwitz's time by 0.69 hours; and Mr. Goodman's time by 0.54 hours for time expended before September 30, 2009.

With this starting point in mind, the Court must be assured that the remaining hours expended were reasonable. The Court pays attention to whether cases are overstaffed, that is, whether the hours expended were excessive, redundant, and unnecessary. To assure the reasonableness of the hours expended, attorneys are to give a court sufficient detail to evaluate the fee award. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist Co.*, 05-70110, 2011 WL 204750 at \*4 (E.D.Mich. Jan. 21, 2011) (Roberts, J.) ("Attorneys who seek fees have an obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case. The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation. If the documentation of hours is inadequate, the district court may reduce the award accordingly." (internal citations and quotations omitted)).

Here, the Court finds that the documentation of hours provided by Plaintiffs is inadequate. Plaintiff's Bill of Costs only describes the work performed in the most basic of terms: edit, review, finalize, etc. Thus, the documentation, coupled with the attorneys' affidavits, is not sufficient to show that the hours reported were actually expended or that they were reasonable. By way of example, Plaintiffs have failed to explain the following:

(1) why they needed three attorneys to draft, review, edit, and finalize the first Motion to Compel;

(2) why they had to create a "discovery chart," what this chart included, or why the chart would have been unnecessary if Defendants had produced the discovery at issue;

(3) why the hours spent reviewing documents that were produced would have been unnecessary if Defendant had produced the discovery at issue;

(4) why the 29.50 hours spent drafting Plaintiffs' August 8, 2012 Motion for Sanctions was reasonable in light of its six-and-a-half pages of procedural history and three pages of argument;

(5) why it took 23.6 hours to put together Plaintiff's Bill of Costs and the accompanying memo and exhibits.

At a minimum, Plaintiffs do not explain why attorneys with so much experience needed to spend so much time on these motions.  Plaintiffs have failed to describe the work performed with sufficient detail.  Therefore, the Court must reduce Plaintiffs' Bill of Costs accordingly.

With regard to Ms. James, the Court finds as follows:

- Ms. James indicates that she spent 2.5 hours related to the issue at hand while working on Plaintiffs' September 16, 2011 Motion for Sanctions. (Docket no. 205-2 at lines 44-46, 53, 65, 67-68.)  The Court finds this reasonable.  Nevertheless, Ms. James indicates that she spent another 2.66 hours related to the issue at hand while working on Plaintiff's Reply related to the same motion.  The Court finds this unreasonable and will recommend reducing Ms. James's time spent on the Reply by 1.66 hours.

- Ms. James indicates that she spent 1.14 hours related to the issue at hand while working on a "discovery chart." (Docket no. 205 at lines 55-58, 62.)  As noted, Plaintiffs have not shown that this chart would have been unnecessary had Defendants produced the discovery at issue.  Therefore, the Court finds this time unreasonable in its entirety and will recommend reducing Ms. James's time by an additional 1.14 hours.

- Ms. James indicates that she spent an additional 2.37 hours drafting letters, reviewing documents, reviewing court orders, and meeting with her co-counsel on this matter.  The Court finds this reasonable.

- Ms. James indicates that she spent 3.50 hours revising, finalizing, and preparing exhibits for Plaintiffs' August 22, 2012 Motion for Sanctions. (*Id.* at line 92.)  The Court finds this unreasonable in light of the 29.50 hours that Mr. Eggart had already spent on the Motion.  Therefore, the Court recommends reducing Ms. James's time on this matter by an additional 1.00 hour.

- Ms. James indicates that she spent 14.5 hours compiling the Bill of Costs, revising the Bill of Costs, and drafting and finalizing the accompanying memo. (*Id.* at lines 99-109.)  The Court finds this unreasonable, particularly in light of the 9.10 hours that Ms. Hurwitz spent doing the same thing. (*See id.*)  Therefore, the Court recommends reducing Ms. James's time on this matter by an additional 7.25 hours.

In sum, the Court recommends reducing Ms. James's total hours by 15.41[3] hours from 32.81 hours

to 17.40 hours.

With regard to Ms. Hurwitz, the Court finds as follows:

- Ms. Hurtiwz indicates that she spent 8.68 hours drafting letters, reviewing documents, reviewing court orders, and meeting with her co-counsel on this matter. (*See id.* at lines 37-98.)  The Court finds this reasonable over the course of three years.

- Ms. Hurwitz indicates that she spent one hour reviewing and editing Plaintiffs' Reply related to Plaintiffs' Motion for Sanctions. (*Id.* at line 96.)  The Court finds this unreasonable in light of the 7 hours that Mr. Eggert spent drafting this document and the 1.20 hours that Mr. Goodman spent also reviewing and editing the same document. Therefore, the Court recommends reducing Ms. Hurwitz's time on this matter by 0.50 hours.

- Ms. Hurwitz indicates that she spent 9.10 hours compiling the Bill of Costs, editing the Bill of Costs, finalizing the accompanying memo and exhibits. (*Id.* at lines 99-109.)  The Court finds this unreasonable, particularly in light of the 14.50 hours that Ms. James spent doing the same thing. (*See id.*)  Therefore, the Court recommends reducing Ms. Hurwitz's time on this matter by 4.55 hours.

In sum, the Court recommends reducing Ms. Hurwitz's total hours by 5.74[4] hours from 19.43 hours

to 13.69 hours.


With regard to Mr. Goodman, the Court finds as follows:

_____

[3]This figure includes the 4.36-hour reduction indicated herein for time expended before September 30, 2009.

[4]This figure includes the 0.69-hour reduction indicated herein for time expended before September 30, 2009.

• Mr. Goodman indicates that he spent 4.69 hours drafting letters, reviewing documents, reviewing court orders, and meeting with his co-counsel on this matter. (*See id.* at lines 37-98.) The Court finds this reasonable over the course of three years.

• Mr. Goodman indicates that he spent 1.20 hours reviewing and editing Plaintiffs' Reply related to Plaintiffs' Motion for Sanctions. (*Id.* at line 96.) The Court finds this unreasonable in light of the 7 hours that Mr. Eggert spent drafting this document and the 1.00 hour that Ms. Hurwitz spent also reviewing and editing the document. Therefore, the Court recommends reducing Mr. Goodman's time on this matter by 0.60 hours.

• Mr. Goodman indicates that he spent 0.50 hours finalizing the accompanying memo and exhibits to the Bill of Costs. (*Id.* at lines 108-09.) The Court finds this reasonable.

In Sum, the Court recommends reducing Mr Goodman's total hours by 1.14[5] hours from 6.89 hours

to 5.75 hours.

With regard to Mr. Eggert, the Court finds as follows:

• Mr. Eggert indicates that he spent 29.50 hours drafting Plaintiffs' Motion for Sanctions and an additional 7 hours drafting and revising Plaintiffs' Reply related to the same. (*Id.* at 87-91, 94-97.) As Defendants note, Plaintiffs' Brief in Support of its Motion is only three pages in length. (*See* docket no. 173 at 14-17.) The Court recognizes that the document also contains Plaintiffs' Motion, but the Motion itself is mostly procedural history and a request for relief. Thus, the Court finds that the 29.50 hours spent drafting Plaintiffs' Motion and Brief is excessive. The 7 hours spent drafting Plaintiffs' Reply, however, is not. The Court, therefore, recommends reducing Mr. Eggert's hours related to this matter by 14.75 hours.

• Mr. Eggert indicates that he spent an additional 1.00 hour reviewing case-related materials and 0.10 hour preparing his affidavit that was attached to the Bill of Costs. The Court finds this time reasonable.

In sum, the Court recommends reducing Mr. Eggert's total hours by 14.75 hours from 39.15 hours

to 24.40 hours.

### 3.    Lodestar Calculation and Adjustment

---

[5]This figure includes the 0.54-hour reduction indicated herein for time expended before September 30, 2009.

Based on the above analysis, the Lodestar calculation is as follows:

Attorneys Fees:

| | | |
|---|---|---|
| K. James: | $3,480.00 | ($200.00 x 17.40 hours) |
| J. Hurwitz: | $4,449.25 | ($325.00 x 13.69 hours) |
| W. Goodman: | $1,868.75 | ($325.00 x 5.75 hours) |
| J. Eggert: | $3,660.00 | ($150.00 x 24.40 hours) |

Total Attorneys Fees:       $13,458.00

This, however, does not end the Court's inquiry.  Plaintiff's "Itemized Bill of Fees and Costs" is not detailed enough for the court to determine "with a high degree of certainty" whether the time accurately reflects the time Plaintiff's attorneys were actually working on this particular discovery dispute.  Entries such as "Draft - Motion for Sanctions" and "Revised Letter" do not identify the subject matter of the time expenditure.  *See*, *Helfman v. GE Group Life Assur. Co*., No. 06-13528, 2011 WL 1464678, at 7 (E.D. Mich. Apr. 18, 2011) (Roberts, J.) ("While the Court recognizes that plaintiff's counsel is not required to provide a detailed record of how every minute of his time on the case is spent, counsel should identify the general subject matter of his time expenditures.  Entries such as "Internet and westlaw research" and "Telephone conference with client" do not identify the subject matter of the time expenditure. Such imprecise entries fail to identify the issue and Defendant(s) being addressed.") (internal citations omitted).

As the Court advised in *Helfman*, "The common practice in this circuit, and in others, when the court is confronted with a request for the award of attorney's fees in the face of inadequate billing records, is "across-the-board fee reductions."  *Id.* at *8 (citing *City of Euclid*, 965 F.Supp. At 1021 n.5; *Gratz v. Bollinger*, 353 F.Supp.2d 929, 938 (E.D. Mich. 2005); *Pierce*, 190 F.3d at 593-94.)  Thus, the Court will recommend reducing Plaintiffs' requested attorney fee in this matter by an additional ten percent.  This is appropriate in light of the vague billing entries and Plaintiffs'

already-reduced hours.  Therefore, the Court recommends awarding attorneys fees to Plaintiffs in the amount of $12,112.20.

### 4.     Costs

Plaintiffs indicate that their $105.77 in costs was incurred in creating six binders of photocopied materials. (Docket no. 205 at 6.)  Plaintiff indicates that these six binders include two copies (a judges copy and an office copy) of each of their three motions.  (*Id.*)  Plaintiffs do not indicate to which motions they are referring, but the Court presumes them to mean their Motions to Compel and Motions for Sanctions (docket nos. 62, 106, and 173).

As the Court noted herein, the Sanctions against Defendant do not apply to any activity that occurred before September 30, 2009.  Thus, any costs related to Plaintiff's Motion to Compel (docket no. 62), are excluded.  Moreover, while local rules do require Plaintiff to provide a judge's copy of their Motion, Plaintiffs are not required to keep an "office copy."  So while Plaintiffs are certainly entitled to make such a copy, the Court will not order Defendants to pay for it.  Therefore, the Court will order Defendants to pay for the judge's copies and the associated binders related to Plaintiffs' Motions for Sanctions (docket nos. 106 at 173).

Plaintiff, however, has not itemized the costs associated with each individual motion. Moreover, Plaintiff has not provided a basis for a cost of $0.12 per black-and-white page or $0.35 per color page.  Additionally, Plaintiff does not appear to have reduced the cost of printing to

account for the other discovery issues addressed in Plaintiff's Motion to Compel (docket no. 106).[6]

Therefore, the Court recommends awarding costs to Plaintiffs in the amount of $23.40.[7]

### D.      Conclusion

For the reasons indicated herein, the Court recommends awarding total costs and fees to

Plaintiffs in the amount of $12,135.60.

### III.      Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

---

[6]For example, Plaintiff asserts that the color copies were necessary to show highlighted portions of the exhibits in the judge's copies.  (Docket no. 205 at 6.)  A review of Plaintiff's Motion to Compel shows that Plaintiff highlighted the relevant Requests for Production of Documents and Defendants' Responses.  But only one of the many highlighted requests was relevant to the discovery at issue in the Court's Order granting sanctions against Defendants.

[7]To reach this conclusion, the Court looked to the total number of pages in docket no 106 (75 pages) and, to account for the pages related to other issues, reduced this total by 75%, the same reduction that Plaintiffs applied to the time that they spent drafting the motion.  The Court then added that total (19 pages) to the total number of pages in docket no. 173 (75 pages) and multiplied the resulting total (94 pages) by $0.10 per page, which the Court concludes is a reasonable cost per page for photocopies.  The resulting cost of copies related to Defendants' failure to obey the Court orders is $9.40.  The Court then added $14.00 to account for the cost of the binders for the two judge's copies.

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 20, 2013                       s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated:  March 20, 2013                      s/ Lisa C. Bartlett
                                            Case Manager